## J. E. Griffith *v.* The State.

Evidence. — To sustain a conviction, it should appear by the evidence not only that the offence was committed, but the proof inculpating the defendant should do so to a degree of certainty transcending mere probability or strong suspicion.

Appeal from the District Court of Parker. Tried below before the Hon. A. J. Hood.

The general character of this case is indicated in the opinion of the court. According to testimony adduced by the State, pills compounded of blue mass and calomel were the nostrum administered to produce abortion. The female involved in the investigation was introduced as a witness by the State, and she said that two of the pills were made of quinine, and that the remaining one was a cathartic. The strongest witness for the State managed to involve herself in a number of contradictions. In support of the motion for a new trial the defence filed the affidavit of one Emily Cook, an absent witness, on whose account an ineffectual

application for a continuance had been made. She deposed that she would testify that Mrs. Cooper, the female involved in the investigation, was not pregnant at the time relied upon by the State, and gave the means she had of knowing that fact. A term of three years in the penitentiary was the punishment assessed by the jury.

*Shannon & Moran*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The prosecution and conviction in this case were under art. 536 of the Penal Code, for procuring an abortion upon one Fannie Cooper, a pregnant woman, with her consent, by means of drugs and medicines administered to her. The indictment alleges the offence to have been committed on the 1st of October, 1878. Two witnesses testified to the facts of the abortion: the first, Mrs. Vineyard, fixing the date of the occurrence in December, 1877, and the other, Alexander Brown, testifying that it occurred in September, 1878. We have examined the testimony, as set out in the statement of facts, with great care, and we are constrained to say that it does not impress and satisfy us with that certainty of defendant's guilt of the grave crime of which he has been convicted, to the degree that we can give our consent that the judgment should stand as a precedent.

" To sustain a conviction it should appear, not only that an offence as charged has been committed, but there also should be proof tending to establish that the party charged was the peason who committed it, or was a participant in its commission, to a degree of certainty stronger than a mere probability or strong suspicion." *Tollett* v. *The State*, 44 Texas, 99; *King* v. *The State*, 4 Texas Ct. App. 256; *Jones* v. *The State*, 4 Texas Ct. App. 436; *Jones* v. *The State*, 7 Texas Ct. App. 457; *Barnell* v. *The State*, 5 Texas Ct. App. 113.

The proof of the *corpus delicti*, as exhibited in the record, is just of that uncertain and unsatisfactory character as that the court, in our opinion, should have granted a new trial in order that the defendant might have had the benefit of the testimony of the witness Emily Cook as to the facts stated in her affidavit in support of the motion.

Because the court should have granted a new trial, in view of the uncertainty of the evidence, and the strong probability, under the circumstances disclosed in the motion, that other and more certain testimony could and would be produced, which might affect the verdict on another trial, the judgment will be reversed and a new trial awarded.

*Reversed and remanded.*